IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00158-MR
(CRIMINAL CASE NO. 1:06-cr-00252-MR-2)

| | |
|---|---|
| JACQUES ROBERT JACKSON, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Response to Petitioner's Motion to Vacate [CV Doc. 10]. The Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On October 3, 2006, Petitioner Jacques Robert Jackson ("Petitioner") was charged, along with his co-defendant Christopher Jonnell Tyler, in a Bill

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:16-cv-00158-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 1:06-cr-00252-MR-2.

of Indictment with one count of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 2 (Count One), and one count of possessing and brandishing a firearm in furtherance of a "crime of violence," in violation of 18 U.S.C. § 924(c) (Count Three). [CR Doc. 1: Indictment]. On December 20, 2006, Petitioner was charged in a Superseding Indictment, which retained the charges of the original Indictment and also charged Petitioner with one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Five). [CR Doc. 22: Superseding Indictment]. On February 26, 2007, Petitioner and the Government entered into an Amended Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts One and Three and the Government agreed to dismiss Count Five. [CR Doc. 33: Amended Plea Agreement at 1]. The Petitioner faced a maximum term of twenty 20 years' imprisonment for Count One, see 18 U.S.C. §§ 1951 & 2, and a mandatory consecutive sentence of not less than 10 years to life for Count Three, see 18 U.S.C. § 924(c)(1)(A)(iii).

On February 26, 2007, Petitioner pleaded guilty to Counts One and Three. [CR Doc. 34: Acceptance and Entry of Guilty Plea]. In preparation for sentencing, a probation officer prepared a Presentence Report (PSR). In the PSR, the probation officer noted the mandatory 10 years to life

consecutive sentence for Petitioner's § 924(c) conviction. [CR Doc. 55 at ¶ 63]. The probation officer found the Total Offense Level for Count One to be 29 and the Criminal History Category to be VI. This yielded a Guidelines Range calling for a total term of imprisonment for both Counts One and Three of between 271 and 308 months. [CR Doc. 55 at 8, 13, 17].

The Petitioner's sentencing hearing was held on September 24, 2007, before the Honorable Lacy H. Thornburg, United States District Judge.[2] At the hearing, the Court adopted the probation officer's findings, but granted the Defendant a two level downward departure on the Government's motion, and sentenced Petitioner to a term of imprisonment of 130 months on Count One, and a consecutive term of 120 months on Count Three, for a total term of 250 months' imprisonment. [CR Doc. 48: Judgment]. Petitioner did not file a direct appeal from this Judgment. On the Government's request and pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Court entered an Amended Judgment on August 13, 2012, reducing Petitioner's term of imprisonment on Count One to 70 months; Petitioner's sentence on Count Three remained unchanged. [CR Doc. 54: Amended Judgment]. Petitioner did not file a direct appeal from this Amended Judgment.

On November 21, 2011, Petitioner filed a motion to vacate sentence

---

[2] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

under 28 U.S.C. § 2255. [Civil Case No. 1:11-cv-00316-MR, Doc 1]. The Court denied and dismissed this motion on the merits. [Id., Doc. 56].

On June 9, 2016, with the authority of the Fourth Circuit Court of Appeals to file a successive Section 2255 motion, the Petitioner filed the present motion to vacate sentence under 28 U.S.C. § 2255, arguing, in part, that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015) [CV Docs. 1, 1-1]. Upon the request of the Government, this matter was stayed pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433, or United States v. Simms, No. 15-4640. [CV Doc. 6]. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. On the Government's request, this matter was in turn stayed pending Davis. [CV Doc. 11]. The Supreme Court decided Davis on June 24, 2019. The next day this Court lifted the stay and ordered the Government to respond to the Petitioner's motion by August 23, 2019. Petitioner subsequently filed a supplemental memorandum in support of his Section 2255 motion. [CV Doc. 13]. The Government timely filed its response, agreeing that this Court should grant Petitioner's Section 2255 motion, vacate his conviction under 18 U.S.C. § 924(c), and resentence him on the remaining counts. [CV Doc. 14]. The Government also argues that it should

4

be relieved of its obligations under the plea agreement should the Court grant Petitioner's motion to vacate. [Id.].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to

another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, in his Section 2255 Motion to Vacate, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 1 at 1]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, the predicate conviction in Petitioner's

criminal proceedings, Hobbs Act conspiracy,[3] can qualify as a § 924(c) "crime of violence" only under the force clause. [Doc. 1 at 5]. Three years after the Petitioner filed his original Section 2255 motion, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, the Court need not extrapolate from Johnson in order to hold that Petitioner's conviction on Count Three is valid only if Hobbs Act conspiracy qualifies as a "crime of violence" under § 924(c)'s force clause. The Supreme Court's decision in Davis directly yields this result. The instant case, therefore, turns on whether Hobbs Act conspiracy qualifies as a crime of violence under § 924(c)'s force clause. The Fourth Circuit squarely addressed this issue in United States v. Simms, 914 F.3d 229 (4th Cir. 2019), concluding that Hobbs Act conspiracy does not categorically qualify as a crime of violence under the force clause. 914 F.3d at 233-34.

---

[3] Although the instant motion to vacate is based on Hobbs Act robbery as the predicate for Petitioner's § 924(c) conviction, the Petitioner's plea colloquy reflects that he understood at the time of his plea that Hobbs Act conspiracy was the predicate "crime of violence" under § 924(c). [CR Doc. 34 at 3-4].

7

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer valid and the Court must vacate it under Section 2255.[4] The Court, therefore, will order that Petitioner be resentenced on the remaining count of his conviction. United States v. Smith, 115 F.3d 241, 248 (4th Cir. 1997). The Court also notes that this Order necessarily frustrates the purpose of the parties' plea agreement, to which the Government agreed in exchange for Petitioner's guilty plea on the § 924(c) charge. United States v. Green, 139 F.3d 1002, 1005 (4th Cir. 1998). As such, the Government is relieved of its obligations thereunder, including those regarding sentencing, and may reinstate the previously dismissed charge. See id.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) for the use of a firearm in furtherance of a crime of violence is unconstitutional, the Court will grant Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1]. The Court will further order that Petitioner's conviction under § 924(c) be vacated and that Petitioner be resentenced in

---

[4] Petitioner also argues that he was improperly sentenced because, under Johnson, Hobbs Act robbery no longer serves as an underlying conviction supporting a career offender enhancement under the Guidelines. The Court notes and it seems the Petitioner concedes that the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), directly forecloses this argument. [See Doc. 13]. In Beckles, the Supreme Court rejected a due process challenge to the career offender guideline, holding that "the advisory Guidelines are not subject to vagueness challenges." 137 S. Ct. at 890.

accordance with this Order.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **GRANTED** and Petitioner's conviction under § 924(c) is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Petitioner shall be resentenced on the remaining counts on which he was convicted and the Government is relieved of its obligations under the plea agreement in this case. The Clerk of Court is respectfully instructed to schedule a hearing for Petitioner's resentencing.

**IT IS FURTHER ORDERED** that the Clerk of Court provide copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Signed: September 10, 2019

Martin Reidinger
United States District Judge